IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY BENETIS, | ) | CASE NO. 1:19-CV-02881 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | **ANSWER TO COMPLAINT** |
| UNIVERSITY HOSPITALS, | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |
| Defendant. | ) | |
| | ) | |

Now comes Defendant University Hospitals Health System, Inc. ("University Hospitals"), by and through undersigned counsel, and hereby responds to the allegations in Plaintiff's Complaint as follows:

**ANSWER TO JURISDICTION AND VENUE**

1. University Hospitals denies the allegations contained in Paragraph 1 of the Complaint, except University Hospitals admits that this Court has jurisdiction over Plaintiff's claims.

2. University Hospitals denies the allegations contained in Paragraph 2 of the Complaint, except University Hospitals admits that this Court has jurisdiction over Plaintiff's claims.

3. University Hospitals denies the allegations contained in Paragraph 3 of the Complaint, except University Hospitals admits that venue is proper in this Court.

4. University Hospitals admits the allegations contained in Paragraph 4 of the Complaint.

1

5. University Hospitals admits the allegations contained in Paragraph 5 of the Complaint, except University Hospitals specifically denies that any of its actions were improper or give rise to any liability.

## ANSWER TO FACTUAL HISTORY

6. University Hospitals incorporates by reference, as if fully rewritten herein, all prior responses made in the foregoing paragraphs of this Answer.

7. University Hospitals admits the allegations contained in Paragraph 7 of the Complaint.

8. University Hospitals admits the allegations contained in Paragraph 8 of the Complaint.

9. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations contained in Paragraph 10 of the Complaint, except University Hospitals admits generally that Plaintiff corresponded with her supervisor regarding absences during her training period.

11. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations contained in Paragraph 11 of the Complaint, except University Hospitals admits generally that Plaintiff corresponded with her supervisor regarding her jury duty.

12. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations contained in Paragraph 12 of the Complaint, except

University Hospitals admits generally that Plaintiff corresponded with her supervisor regarding her jury duty.

13. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. University Hospitals denies the allegations contained in Paragraph 15 of the Complaint, except University Hospitals admits that Plaintiff called off work on January 8, 2018.

16. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations contained in Paragraph 17 of the Complaint, except University Hospitals admits generally that Plaintiff informed her supervisor that her father was in hospice care.

18. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations contained in Paragraph 18 of the Complaint, except University Hospitals admits generally that Plaintiff informed her supervisor that her father passed away and that Plaintiff took bereavement leave.

19. University Hospitals admits the allegations contained in Paragraph 19 of the Complaint.

20. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. University Hospitals denies the allegations contained in Paragraph 22 of the Complaint, except University Hospitals admits that Plaintiff called off work on February 7, 2018.

23. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations contained in Paragraph 23 of the Complaint, except University Hospitals admits generally that Plaintiff discussed work challenges with her supervisor.

24. University Hospitals denies the allegations contained in Paragraph 24 of the Complaint, except University Hospitals admits that Plaintiff discussed her failure to meet productivity standards with her supervisor.

25. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. University Hospitals denies the allegations contained in Paragraph 26 of the Complaint, except University Hospitals admits that Plaintiff called off work on February 22, 2018.

27. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. University Hospitals denies the allegations contained in Paragraph 28 of the Complaint, except University Hospitals admits that Plaintiff discussed her injuries with her supervisor and requested certain accommodations that could not be granted.

29. University Hospitals denies the allegations contained in Paragraph 29 of the Complaint, except University Hospitals admits that Plaintiff called off work on March 8 and 9, 2018.

30. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. University Hospitals denies the allegations contained in Paragraph 32 of the Complaint, except University Hospitals admits that Plaintiff called off work on April 10 and 11, 2018.

33. University Hospitals denies the allegations contained in Paragraph 33 of the Complaint, except University Hospitals admits that Plaintiff received a written reprimand for violating University Hospitals's attendance policy.

34. University Hospitals admits the allegations contained in Paragraph 34 of the Complaint.

35. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. University Hospitals denies the allegations contained in Paragraph 40 of the Complaint.

41. University Hospitals denies the allegations contained in Paragraph 41 of the Complaint.

42. University Hospitals denies the allegations contained in Paragraph 42 of the Complaint.

43. University Hospitals denies the allegations contained in Paragraph 43 of the Complaint, except University Hospitals admits that Plaintiff discussed with Jennifer Rohaley her request for FMLA leave, that Ms. Rohaley informed Plaintiff that her request for FMLA had been denied and that Plaintiff was informed that unscheduled absences and scheduled absences by an employee without available PTO would result in an attendance occurrence.

44. University Hospitals denies the allegations contained in Paragraph 44 of the Complaint, except University Hospitals admits that, on May 31, 2018, Plaintiff emailed Lisa Edgehouse about her FMLA leave request and asked Ms. Edgehouse which form to complete for a Short Term Disability leave.

45. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations contained in Paragraph 45 of the Complaint, except University Hospitals admits that, on May 31, 2018, Lisa Edgehouse informed Plaintiff by email that she would need to contact Diane Miller at Disability Management Services to make a claim for Short Term Disability leave.

46. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the specific the allegations contained in Paragraph 46 of the Complaint, except

University Hospitals admits generally that Lisa Edgehouse discussed Plaintiff's eligibility for a Medical Leave of Absence with her.

47. University Hospitals denies the allegations contained in paragraph 47 of the Complaint, except University Hospitals admits that Plaintiff received a Corrective Action on June 1, 2018, for violating University Hospitals's attendance policy.

48. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations contained in Paragraph 48 of the Complaint, except University Hospitals admits generally that Plaintiff was encouraged to contact the University Hospitals Employee Assistance Program and to take advantage of resources available to her through EAP.

49. University Hospitals admits the allegations contained in Paragraph 49 of the Complaint.

50. University Hospitals denies the allegations contained in Paragraph 50 of the Complaint, except University Hospitals admits that, on June 11, 2018, Plaintiff received a Final Warning for violating University Hospitals's attendance policy.

51. University Hospitals denies the allegations contained in Paragraph 51 of the Complaint.

52. University Hospitals denies the allegations contained in Paragraph 52 of the Complaint, except University Hospitals admits that, on June 12, 2018, Plaintiff initiated a MLOA request through Oracle.

53. University Hospitals admits the allegations contained in Paragraph 53 of the Complaint.

54. University Hospitals denies the truth of the allegations contained in Paragraph 54 of the Complaint.

55. University Hospitals lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of the Complaint.

56. University Hospitals denies the allegations contained in Paragraph 56 of the Complaint.

57. University Hospitals denies the allegations contained in Paragraph 57, except University Hospitals admits that it issued a letter to Plaintiff on June 21, 2018, advising Plaintiff that her MLOA was approved for a start date of May 29, 2018 with an estimated return to work date of July 16, 2018. Further answering, University Hospitals states that the dates of Plaintiff's MLOA were later adjusted based on additional information received.

58. University Hospitals admits the allegations contained in Paragraph 58 of the Complaint.

59. University Hospitals denies the allegations contained in Paragraph 59 of the Complaint, except University Hospitals admits that it notified Plaintiff of receipt of Dr. Sargious's Attending Physician Statement.

60. University Hospitals denies the specific allegations contained in Paragraph 60 of the Complaint, except University Hospitals admits generally that Plaintiff's supervisor contacted Plaintiff to express her good wishes.

61. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations contained in Paragraph 61 of the Complaint, except University Hospitals admits generally that Jennifer Rohaley maintained communication with Plaintiff regarding her leave requests.

62. University Hospitals denies the truth of the allegations contained in Paragraph 62 of the Complaint.

63. University Hospitals denies the specific allegations contained in Paragraph 63 of the Complaint, except University Hospitals admits generally that Lisa Edgehouse maintained communication with Plaintiff regarding her leave requests.

64. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations contained in Paragraph 64 of the Complaint, except University Hospitals admits generally that Jennifer Rohaley maintained communication with Plaintiff regarding her leave requests.

65. University Hospitals denies the allegations in Paragraph 65 of the Complaint, except University Hospitals admits that Preferred Care Counseling sent an FMLA Certification of Physician/Practitioner to Lisa Edgehouse on or about July 11, 2018.

66. University Hospitals denies the allegations contained in Paragraph 66 of the Complaint, except University Hospitals admits that a letter was sent to Plaintiff regarding her leave requests on or about August 20, 2018.

67. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations contained in Paragraph 67 of the Complaint, except University Hospitals admits generally that Jennifer Rohaley maintained communication with Plaintiff regarding her leave requests.

68. University Hospitals admits the allegations contained in Paragraph 68 of the Complaint.

69. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint, except University

Hospitals admits generally that the HR Talent Acquisition Department maintained communication with Plaintiff regarding her search for positions at University Hospitals.

70. University Hospitals denies the allegations contained in Paragraph 70 of the Complaint, except University Hospitals admits that Plaintiff was not qualified for the patient access supervisor position.

71. University Hospitals denies the allegations contained in Paragraph 71 of the Complaint.

72. University Hospitals denies the allegations contained in Paragraph 72 of the Complaint.

## ANSWER TO ADMINISTRATIVE PREREQUISITES

73. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint, except University Hospitals admits that Exhibit A is attached to the Complaint.

## ANSWER TO COUNT I

74. University Hospitals incorporates by reference, as if fully rewritten herein, all prior responses made in the foregoing paragraphs of this Answer.

75. University Hospitals denies the allegations contained in Paragraph 75 of the Complaint.

76. University Hospitals lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77. University Hospitals denies the allegations contained in Paragraph 77 of the Complaint.

78. University Hospitals denies the allegations contained in Paragraph 78 of the Complaint.

79. University Hospitals denies the allegations contained in Paragraph 79 of the Complaint.

80. University Hospitals denies the allegations contained in Paragraph 80 of the Complaint.

81. University Hospitals denies the allegations contained in Paragraph 81 of the Complaint.

82. University Hospitals denies the allegations contained in Paragraph 82 of the Complaint.

83. University Hospitals denies the allegations contained in Paragraph 83 of the Complaint.

**ANSWER TO COUNT II**

84. University Hospitals incorporates by reference, as if fully rewritten herein, all prior responses made in the foregoing paragraphs of this Answer.

85. Paragraph 85 of the Complaint calls for a legal conclusion. To the extent a response is required, University Hospitals denies the allegations contained in Paragraph 85 of the Complaint.

86. University Hospitals denies the allegations contained in Paragraph 86 of the Complaint.

87. University Hospitals denies the allegations in Paragraph 87 of the Complaint, except University Hospitals admits that Plaintiff filed an EEOC Charge.

88. University Hospitals denies the allegations contained in Paragraph 88 of the Complaint.

89. University Hospitals denies the allegations contained in Paragraph 89 of the Complaint.

90. University Hospitals denies the allegations contained in Paragraph 90 of the Complaint.

91. University Hospitals denies the allegations contained in Paragraph 91 of the Complaint.

## ANSWER TO COUNT III

92. University Hospitals incorporates by reference, as if fully rewritten herein, all prior responses made in the foregoing paragraphs of this Answer.

93. University Hospitals denies the allegations contained in Paragraph 93 of the Complaint.

94. University Hospitals denies the allegations contained in Paragraph 94 of the Complaint.

95. University Hospitals denies the allegations contained in Paragraph 95 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted against University Hospitals.

2. University Hospitals did not cause any of the damages allegedly suffered by Plaintiff.

3. University Hospitals exercised reasonable care to prevent and to promptly respond to any alleged discriminatory, retaliatory or unlawful conduct, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by University Hospitals or to otherwise avoid harm.

4. Plaintiff's claims are subject to the after acquired evidence doctrine.

5. The claims set forth in the Complaint are barred by the doctrine of unclean hands, estoppel, laches and/or other behavior of Plaintiff.

6. Plaintiff's claims are barred, in whole or in part, by her failure to mitigate.

7. Any employment actions taken with respect to Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory business reasons, in good faith, without malice, and in a fair and equitable matter so as to bar the claims asserted in the Complaint.

8. At all times, University Hospitals acted with an honest belief that all decisions regarding Plaintiff's employment, if any, were made for legitimate, non-discriminatory and non-retaliatory reasons.

9. There was no negligence, gross negligence, misconduct, willful misconduct or malice (actual, legal or otherwise) on the part of University Hospitals with respect to Plaintiff.

10. University Hospitals acted at all times without the intent to discriminate or retaliate against Plaintiff or interfere with her rights.

11. University Hospitals would have taken the same action regardless of Plaintiff's alleged disability.

12. University Hospitals would have taken the same action regardless of Plaintiff's exercise of her rights under state and federal law.

13. University Hospitals acted at all times in a good faith effort to comply with all relevant State and Federal laws and with its own policies.

14. The damages alleged by Plaintiff are limited by the Ohio Revised Code and/or Federal law.

15. Plaintiff's damages, if any, were solely the result of her own actions or inactions, unaffected by University Hospitals in any way.

16. Plaintiff's alleged damages are not recoverable because they are remote and speculative.

17. There was no willful, wanton, reckless, malicious or outrageous conduct on the part of University Hospitals as to Plaintiff

18. Plaintiff is not entitled to punitive damages.

19. The Complaint is barred because University Hospitals did not know of or have reason to know of any alleged discriminatory or retaliatory conduct and was not given the opportunity to take prompt remedial action.

20. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by University Hospitals or otherwise to avoid harm and her claims are therefore barred.

21. University Hospitals gives notice and reserves the right to assert additional affirmative defenses as this matter progresses and/or which become available or appear during discovery.

**WHEREFORE**, having fully answered, University Hospitals requests that the Complaint be dismissed with prejudice and that University Hospitals be granted its costs, expenses and such other further relief as this Court deems just and equitable.

        Respectfully submitted,

        */s/ Rachael L. Israel*
        Kerin Lyn Kaminski (0013522)
        Rachael L. Israel (0072772)
        In Son J. Loving (0084848)
        GIFFEN & KAMINSKI LLC
        1300 East Ninth Street, Suite 1600
        Cleveland, Ohio 44114
        Telephone:   216-621-5161
        Facsimile:    216-621-2399
        E-Mail:       kkaminski@thinkgk.com
                        risrael@thinkgk.com
                        iloving@thinkgk.com
        **Counsel for Defendant University Hospitals Health System, Inc.**

## JURY DEMAND

University Hospitals hereby demands a trial by the maximum number of jurors permitted by law as to all issues in this action.

/s/ Rachael L. Israel
Rachael L. Israel (0072772)
*Counsel for Defendant University Hospitals Health System, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2020 a copy of the foregoing *Answer to Complaint* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system upon the following Parties:

Irene K. Makridis and Dimitrios N. Makridis, Counsel for Plaintiff Terry Benetis at office@makridislaw.com and dimitrios@makridislaw.com.

*/s/ Rachael L. Israel*
Rachael L. Israel (0072772)
***Counsel for Defendant University Hospitals Health System, Inc.***