IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY BENETIS, | ) | CASE NO. 1:19-CV-02881 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | **STIPULATED CONFIDENTIALITY** |
| UNIVERSITY HOSPITALS HEALTH | ) | **AGREEMENT AND PROTECTIVE** |
| SYSTEM, INC., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

WHEREAS, Plaintiff Terry Benetis and Defendant University Hospitals Health Systems, Inc. (collectively, the "Parties") desire to implement a procedure to govern the production and disclosure of certain confidential and sensitive information;

WHEREAS, the Parties anticipate that certain documents and information will be produced or disclosed during the course of the above-captioned proceeding that will contain confidential and sensitive information, including confidential medical records, information relating to individuals not parties to this action and, possibly, commercial, research, financial, process and/or business information;

WHEREAS, the Parties agree there is a need to maintain strict confidentiality of all such confidential and sensitive information to prevent identity theft and other improper uses of the information; and

WHEREAS, the Parties agree to limit the disclosure of such confidential and sensitive information by way of this Confidentiality Agreement;

NOW THEREFORE, it is hereby agreed and stipulated by the Parties that all documents, testimony and information provided by either party in the above-entitled action shall be used

only for the purpose of litigating the above-captioned proceeding, subject to the following conditions, safeguards, and limitations:

1. "Confidential Information" means any information or document, including interrogatory responses, responses to requests for production of documents, responses to requests for admissions, expert statements, deposition testimony, deposition exhibits, exhibits used in the filing of pleadings and motions and any other document, designated as "Confidential" by any party in this proceeding.

2. All Confidential Information that is filed with or otherwise submitted to the Court shall be placed under seal by the Clerk of the Court and shall not be disclosed except as provided in this Order. All such Confidential Information filed with or submitted to the Court shall be conspicuously marked "CONFIDENTIAL: THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER AND MAY NOT BE EXAMINED OR COPIED EXCEPT IN COMPLIANCE WITH THAT ORDER" prior to such filing or submission.

To the extent that a brief, memorandum or pleading references any document designated as "Confidential," then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the Confidential Information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

3. The Confidential Information covered by this Agreement may be used only in connection with this proceeding. Confidential Information may not be used for any other litigation, any other business or any other purpose whatsoever.

4. The following persons shall be the only persons who will be permitted to see or have access to the Confidential Information covered by this Agreement:

(a) counsel employed by a party to this litigation or an employee of such counsel to whom it is necessary that the material be shown for purposes of this litigation;

(b) any expert or consultant (including any employee of said expert or consultant) who is employed, retained or otherwise consulted by a party or its attorney for the purpose of analyzing data, providing opinions or otherwise assisting in this action (provided, however, that all documents and copies thereof must be returned by the expert or consultant to the party or attorney who retained him or her upon resolution of this action);

(c) any person called to give testimony on matters relating to Confidential Information (provided, however, that all documents and copies thereof must be returned by the witness to the party or its attorney upon resolution of this action or at the end of the witness's involvement in this action as a witness, whichever comes first);

(d) the Parties and any officer, employee or representative of the named Parties who is required in good faith to provide assistance with the conduct of this litigation; and

(e) the Court, Court personnel and court reporters.

5. Before any person referred to in Paragraph 4(b) and/or 4(c) may be shown or given access to Confidential Information, the attorney of record desiring to disclose the Confidential Information shall first inform him or her that the information or document to be disclosed (1) is confidential; (2) must be held in confidence; and (3) may be used solely for the purpose of preparing for or presenting evidence in this litigation. Each such person shall be informed that these restrictions are imposed by Court Order and must agree to be bound by the Order, as evidenced by execution of a Confidentiality Agreement in the form attached hereto as Exhibit A.

6. All Confidential Information covered by this Agreement shall be kept by the Parties in a confidential manner, and shall not be given, shown or described to any person(s) except as provided in this Agreement.

7. If any party disputes the designation of any documents or information as Confidential or if any party objects to the disclosure of Confidential Information to a non-party, the Parties shall attempt to resolve through consent the question of whether the document or information is to be covered by this Agreement and/or disclosed. If the Parties are unable to agree, counsel for the party opposing the designation or disclosure may, by following the procedures set forth in Local Rule 37.1, seek a Court order determining whether the document or information was properly designated protected from disclosure or may be disclosed. Until a resolution of the dispute is achieved, either through consent or through Court order, the parties shall treat the designated document or information as Confidential and it may not be disclosed.

8. Neither the provisions of this Agreement nor any disclosure by any party pursuant to this Agreement shall be construed as a waiver of any attorney-client privilege, work product privilege or other objection to production of documents or information as to any other proceedings or as to any persons or entities not parties to this action.

9. This Agreement shall survive the termination of this proceeding and shall continue in full force and effect after such termination. After the conclusion of this proceeding – including any appeals and decisions relating thereto – and upon request of producing counsel, all Parties must return all Confidential Information, including all copies, to the producer. The parties will be bound by the terms of this Protective Order during the litigation, prior and subsequent to entry by the Court.

10. A party may seek a modification of this Agreement, first by attempting to obtain written consent from the producer or, absent consent, by application to the Court.

The undersigned hereby agree to the terms of this Confidentiality Agreement.

| | |
|---|---|
| /s/ *Irene K. Makridis* | /s/ *Rachael L. Israel* |
| Irene K. Makridis (0016760) | Kerin Lyn Kaminski (0013522) |
| Dimitrios N. Makridis (0089131) | Rachael L. Israel (0072772) |
| Makridis Law Firm, LLC | In Son J. Loving (0084848) |
| 155 S. Park Ave, Suite 160 | GIFFEN & KAMINSKI LLC |
| Warren, OH 44481 | 1300 East Ninth Street, Suite 1600 |
| Phone: (330) 394-1587 | Cleveland, Ohio 44114 |
| Fax: (330) 394-3070 | Telephone: 216-621-5161 |
| Email: office@makridislaw.com | Facsimile: 216-621-2399 |
| dimitrios@makridislaw.com | E-Mail: kkaminski@thinkgk.com |
| | risrael@thinkgk.com |
| | iloving@thinkgk.com |
| **Attorneys for Plaintiff** | |
| | ***Counsel for Defendant University Hospitals Health Systems, Inc.*** |

ORDERED AND APPROVED         Date: _____, 2020


_____
JUDGE PAMELA A. BARKER

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY BENETIS, | ) | CASE NO. 1:19-CV-02881 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | **CONFIDENTIALITY AGREEMENT** |
| UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

I, _____, represent and agree as follows:

1.  I have read and know the contents of the Stipulated Confidentiality Agreement and Protective Order ("Protective Order") dated March \_\_\_, 2020, and filed in the above-entitled action. I agree to be bound by its terms and conditions and submit myself to the jurisdiction of the United States District Court relative to assuring enforcement of the terms and conditions of the Protective Order.

2.  I am one of the persons described in paragraph 4 of the Protective Order, and I am signing this Confidentiality Agreement and agreeing to its terms prior to the disclosure to me of any Confidential Information as that term is defined and described in the Protective Order.

3.  I expressly agree that:

    (a)  I have read and shall be fully bound by the terms of the Protective Order;

    (b)  All Confidential Information disclosed to me pursuant to the Protective Order shall be maintained by me in strict confidence, and I shall not disclose or use any Confidential Information except in accordance with the Protective Order;

(c) I shall not make or cause to be made any copy of any document containing Confidential Information in any form whatsoever;

(d) I shall not use or refer to any Confidential Information other than in connection with the above-entitled action and as provided in the Protective Order; and,

(e) Upon conclusion of my participation in the above-entitled action, I shall return all Confidential Information (including all copies) to the attorney for the party who furnished the Confidential Information to me, and I shall destroy any notes and memoranda I have regarding the same.

(f) I am subject to the jurisdiction of this Court for purposes of determining, assuring and adjudging my compliance with the Protective Order; and such jurisdiction shall survive the termination and/or resolution of this action.

Date: _____  _____
                                            Signature

Home or Work address:   _____
                                            (Address)

                                         _____
                                         (City, State & Zip Code)

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2020 a copy of the foregoing *Stipulated Protective Order and Confidentiality Agreement* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system upon the following Parties:

Irene K. Makridis and Dimitrios N. Makridis, Counsel for Plaintiff Terry Benetis at office@makridislaw.com and dimitrios@makridislaw.com.

*/s/ Rachael L. Israel*
Rachael L. Israel (0072772)
**Counsel for Defendant University Hospitals Health System, Inc.**